### UNITED STATES of America, Plaintiff—Appellee,

v.

### Tommy CANFIELD, Defendant— Appellant.

No. 03–10673.

D.C. No. CR–02–00620–LRH.

United States Court of Appeals, Ninth Circuit.

---

Submitted Oct. 5, 2004.*

Decided Oct. 7, 2004.

Darin Lahood, AUSA, Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Jason F. Carr, Esq., Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before RYMER, TALLMAN, and BEA, Circuit Judges.

### MEMORANDUM**

Tommy Canfield appeals the district court's denial of his motion to suppress evidence of a firearm following his conditional plea to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Canfield argues that Officer Lowe lacked sufficient reliable information to support a finding of reasonable suspicion for an investigatory stop. "A temporary detention or seizure of a person is 'justifiable under the fourth amendment if there is articulable suspicion that a person has committed or is about to commit a crime.'" *United States v. Woods,* 720 F.2d 1022, 1026 (9th Cir.1983) (quoting *Florida v. Royer,* 460 U.S. 491, 498, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983)). "Reasonable suspicion, like probable cause, is dependent upon both the content of information possessed by police and its degree of reliability." *Alabama v. White,* 496 U.S. 325, 330, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). "To determine whether reasonable suspicion existed, the court must consider the totality of the circumstances surrounding the stop." *United States v. Michael R.,* 90 F.3d 340, 346 (9th Cir.1996).

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Here, Gallegos called 311 and then reported directly to Officer Lowe that he had seen a stranger in the neighborhood wearing a Hostetler football jersey, black pants and a do-rag on his head two days earlier and again just before he called the police. Gallegos's nephew had told him that on the prior occasion, the man in the jersey had told him and other neighborhood children that he was a gang member who had committed a drive-by shooting, and that the man had shown a 9mm pistol and removed a clip containing ammunition. Gallegos identified himself to Officer Lowe. No more particularized basis was required for Officer Lowe to stop Canfield and inquire whether he had a gun. *See United States v. Terry–Crespo,* 356 F.3d 1170, 1172 (9th Cir.2004). Nor was it unreasonable to pursue Gallegos's information because it failed to show criminal activity; the person Gallegos described had said he committed a drive-by shooting. *See Adams v. Williams,* 407 U.S. 143, 145–47, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972).

AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* The Honorable Richard D. Cudahy, Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.